**IT IS HEREBY ADJUDGED and DECREED this is SO ORDERED.**

The party obtaining this order is responsible for noticing it pursuant to Local Rule 9022-1.

**Dated: May 12, 2009**



1

# TIFFANY & BOSCO
#### P.A.

2525 E. CAMELBACK ROAD
SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192

_____
**RANDOLPH J. HAINES**
**U.S. Bankruptcy Judge**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

08-17656/1218067670

### IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF ARIZONA

IN RE:

Diane Morton Patino
      Debtor.
_____
Mortgage Electronic Registration Systems, Inc., solely as nominee for America's Servicing Company its successors and/or assigns.

      Movant,

    vs.

Diane Morton Patino, Debtor;
Edward J. Maney, Trustee.

      Respondents.
_____

No. 2:08-bk-09348-RJH

Chapter 13

(Related to Docket # 27)

**ORDER APPROVING STIPULATION REGARDING MOTION FOR RELIEF**

In re: Real Property located at
21621 N. 30th Avenue
Phoenix, AZ 85027

      IT IS HEREBY ORDERED by and between the parties herein, through counsel undersigned, that all stays and injunctions, including the automatic stays under U.S. Bankruptcy Code Section 362(a), are hereby vacated with respect to the real property which is the subject of the Deed of Trust recorded in the records of the Maricopa County, Arizona Recorder's Office, wherein Diane Morton Patino, is

designated as trustor and Mortgage Electronic Registration Systems, Inc., solely as nominee for

America's Servicing Company its successors and/or assigns. is the current beneficiary, which Deed of

Trust encumbers the following described real property:

Lot Four Hundred-Fifteen (415), FOOTHILLS NORTH UNIT 11, according to the plat of record in the office of the County Recorder of Maricopa County, Arizona, in Book 411 of Maps, page 41.

IT IS FURTHER ORDERED that the debtor will cure the post-petition arrearages currently due

as follows:

| | |
|---|---|
| 7 - Monthly Payments at $991.58 each (September 1, 2008 – March 1, 2009) | $6,941.06 |
| 7 - Late Charges at $42.50 each (September 16, 2008 to March 16, 2009) | $  297.50 |
| Post-petition Property Inspection fee | $    15.00 |
| Bankruptcy Attorney Fees and Costs | $  950.00 |
| Total Amount of Post-Petition Default | $8,203.56 |

1.      The total arrearage above in the amount of $8,203.56 shall be paid in six (6) monthly

installments of $1,367.26.  These payments shall be in addition to the regular monthly payment and shall

be due on or before the 15th day of the month commencing with the April 15, 2009 payment and

continuing throughout and concluding on or before September 15, 2009.

2.      In addition to the payment listed in Paragraph 1, the Debtor will make the regular post-

petition payment due for **April 1, 2009 (Now Due),** which shall be made when due, and all subsequent

payments shall be made when due.

IT IS FURTHER ORDERED that Mortgage Electronic Registration Systems, Inc., solely as

nominee for America's Servicing Company its successors and/or assigns. as the current beneficiary

under the above described Deed of Trust, agrees not to conduct a Trustee's Sale or judicial "foreclosure"

on its Deed of Trust, so long as the terms of this Order are complied with. In the event of default in making any payments described herein Secured Creditor is permitted, in its discretion, to conduct a Trustee's Sale, judicial foreclosure, or take whatever other actions necessary to protect their interest in the above legally described property upon giving written notice of such default to Debtor, Debtor's Counsel and Trustee and Debtor's failure to cure such default within fifteen (15) days of the date of such notice. In the event said default is not cured within said fifteen (15) day period, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the Plan.

IT IS FURTHER ORDERED that if a default notice becomes necessary, Debtor will be charged $150.00 for fees and costs associated with handling the curing of the default, to be paid together with the defaulted payment and late charge. Debtor shall tender the default payment, late charge and the additional $150.00 fee for attorney's fees and costs, as set forth above, in the form of a <u>cashier's check or money order</u>, made payable to Movant. If the defaulted payments are not received by Movant, together with the late charge and the $150.00 default fee, within fifteen days after the default notice was sent, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the plan.

IT IS FURTHER ORDERED that if Debtor Bankruptcy Case No. 2:08-bk-09348-RJH is dismissed, either voluntary or involuntary, for any reason, this Order will become null and void and Mortgage Electronic Registration Systems, Inc., solely as nominee for America's Servicing Company its successors and/or assigns., and after such dismissal, may, in its discretion, conduct a Trustee's Sale or judicial "foreclosure" on its Deed of Trust or take whatever other actions necessary to protect their interest in the above legally described property.

IT IS FURTHER ORDERED that in the event of conversion by the Debtor to any other bankruptcy chapter, the repayment portion of this Order shall become null and void, except that the portion of this Order vacating the automatic stay under U.S. Bankruptcy Code Section 362 (a) shall remain in full force and effect.

IT IS FURTHER ORDERED that any hearings scheduled in the matter are vacated.

DATED this _____ day of _____ 2009.


_____
United States Bankruptcy Court Judge